**REISSUED FOR PUBLICATION**
**SEP 9 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 5, 2019)

| | | |
|---|---|---|
| J.A.C., | * | |
| Petitioner, | * | No. 03-2807V |
| v. | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Motion for Reconsideration; Redaction of Adult's Name. |
| Respondent. | * | |

## ORDER[1]

On June 26, 2019, J.A.C., petitioner, filed a motion for reconsideration, seeking to redact the Order filed in this matter on June 17, 2019. For the reasons discussed more thoroughly below, the undersigned grants petitioner's motion in part.

### I.  Procedural History

On December 11, 2003, J.M.C. filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of petitioner, her minor son. J.M.C. alleged that as a result of certain childhood vaccines administered to her son, he developed an autism spectrum disorder. See generally Short-Form Autism Petition. On January 9, 2012, the special master to whom the case was assigned determined that J.M.C. had not demonstrated entitlement to compensation, and she dismissed the petition. Decision at 2 (ECF No. 29). On April 26, 2019, J.M.C. submitted an untimely request to redact the decision. Mot. for Consideration dated

---

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").

1

Apr. 26, 2019 (ECF No. 35). The undersigned granted the request in part, amending the caption of the case to display only initials. Order dated June 17, 2019 (ECF No. 39). Because petitioner is now a competent adult, the undersigned also redacted the caption to display his initials and his alone. Id. at 4.

On June 26, 2019, petitioner submitted an additional motion, docketed as a motion for reconsideration. Mot. for Reconsideration dated June 26, 2019 (EF No. 40). Petitioner requested that the June 17, 2019 Order not be publicly posted online, since his mother's name was mentioned in the text. Id. In the alternative, he requested that his mother's name be redacted to display only her initials. Id. He explained that he wanted to "protect [his] stepfather's last name from internet searches as he was not involved in the original petition." Id. He also expressed concern that "those who know who my mother is could figure out that this case is about me still subjecting me to public embarrassment, interfering with my social life, and disclosure of my Private Health Information." Id. Respondent did not submit a response.

This matter is now ripe for adjudication.

**II.    Discussion**

A motion for redaction is governed by § 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. § 300aa-12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr., Aug. 25, 2011).

Although the Vaccine Rules now make mandatory the redaction of a minor's name, adult petitioners' names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Human Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases where a specialized showing is made.

Given the requirements of the E-Government Act, as well as the public's interest in understanding the decision maker's rational, the undersigned does not find it appropriate to withhold the Order from public view. However, the undersigned concludes that redaction of the name of petitioner's mother is appropriate. As described in J.M.C.'s initial motion for consideration, petitioner has suffered from bullying and embarrassment due to the exposure of

2

his private medical information.  <u>See</u> Mot. for Consideration dated Apr. 26, 2019 (ECF No. 35) at 1.  Petitioner and his mother share the same last name, increasing the likelihood that a member of the public could make a connection between the two.  The undersigned finds that this specialized showing justifies redaction of J.M.C.'s name.

### III. Conclusion

The facts and circumstances of this case warrant redaction of the name of petitioner's mother to initials.  **Accordingly, petitioner's motion is GRANTED in part.  The public version of the Order shall be redacted to include only the initials of petitioner's mother.**

Any questions regarding this Order may be directed to my law clerk, Anna Miller, at (202) 357-6379 or at anna_miller@cfc.uscourts.gov.

**IT IS SO ORDERED.**

Dated: August 5, 2019

*[signature: Nora Beth Dorsey]*

Nora Beth Dorsey
Chief Special Master