# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 03-2807V
Filed: January 9, 2012
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
JOY ROSEMANN,                               *
Guardian ad Litem for                       *
JAMES ALEC ROSEMANN, a minor,               *      Autism; Dismissal; Insufficient Proof of
                                            *      Causation; Attorneys' Fees and Costs
                                            *
              Petitioner,                   *
                                            *
      v.                                    *
                                            *
SECRETARY OF HEALTH AND                     *
HUMAN SERVICES                              *
                                            *
              Respondent.                   *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

### DECISION DISMISSING PETITION AND AWARDING ATTORNEYS' FEES AND COSTS [1]

       On December 11, 2003, petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

James was injured by a vaccine or vaccines listed on the Vaccine Injury Table.  See § 14.  The information in the record does not show entitlement to an award under the Program.

On January 5, 2012, the petitioner moved for a decision on the merits of the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, petitioner must prove either 1) that James suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of James' vaccinations, or 2) that James suffered an injury that was actually caused by a vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that James suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that James' alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13 (a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  For these reasons, in accordance with § 12(d)(3)(A), the **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof.**

The petitioner has also filed an unopposed motion for an award of attorneys' fees and costs in this case.  Petitioner is entitled to reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1).  Respondent has reviewed the motion and does not object.  §§ 13(a)(1)(A) and 11(c)(1). In lieu of filing a General Order # 9 statement, petitioner's counsel noted the out of pocket costs that petitioner personally incurred.

**The request for attorneys' fees and costs is granted.**  Petitioner is awarded reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amounts requested are reasonable and appropriate.

Accordingly, I hereby award the **total of $7,001.17**. This total represents $434.53 in petitioner's personal costs, and $6,566.64 in attorney fees and costs. The payment shall be:

> 1. **a lump sum of $6,566.64, in the form of a check payable jointly to petitioner, and petitioner's counsel, Gallagher and Gallagher Law Firm LLC, for attorney fees and costs; and**

> 2. **a lump sum of $434.53, in the form of a check payable to petitioner, for out-of-pocket expenses personally incurred by petitioner.**

2

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                          s/Patricia E. Campbell-Smith
                                                          Patricia E. Campbell-Smith
                                                          Chief Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  See Vaccine Rule 11(a).