Case 1:03-vv-02807-UNJ   Document 47   Filed 06/03/20   Page 1 of 6

**REISSUED FOR PUBLICATION**
**JUN 3 2020**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

**CORRECTED**

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: April 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| J.A.C., | * | |
| | * | |
| Petitioner, | * | No. 03-2807V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Order Denying Petitioner's "Complaint;" |
| | * | Redaction. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

### ORDER DENYING PETITIONER'S "COMPLAINT"[1]

On January 13, 2020, J.A.C. ("petitioner") filed a document entitled "Complaint" in regard to the Court's August 5, 2019 Order on Motion for Redaction, seeking to enforce the Order. Complaint, filed Jan. 13, 2020 (ECF No. 44). For the reasons discussed more thoroughly below, the undersigned **DENIES** relief to petitioner.

### I.      PROCEDURAL HISTORY

On December 11, 2003, J.M.C. filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"),[2] 42 U.S.C. § 300aa-10 et seq. (2012) on behalf of her minor son, J.A.C., alleging that as a result of certain childhood vaccines administered to her son, he developed an autism spectrum disorder. See generally

---

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C.A. § 3051 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Short-Form Autism Petition. On January 9, 2012, the special master to whom the case was assigned determined that J.M.C. had not demonstrated entitlement to compensation, and dismissed the petition. Decision at 2 (ECF No. 29). The Decision included the following footnote:

> Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3051 note (2006)). **In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).** Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits with the requirements of that provision, I will delete such material from public access.

Id. at 1 n.1 (emphasis added). No motion for redaction was filed, and the Decision was subsequently posted on the United States Court of Federal Claims' website.

On April 26, 2019, J.M.C. submitted an untimely request to redact the decision. Motion ("Mot.") for Consideration, filed Apr. 26, 2019 (ECF No. 35). The undersigned instead granted alternative relief, amending the caption of the case to contain only J.A.C.'s initials. Order dated June 17, 2019, at 4 (ECF No. 39). This relief resulted in the use of the redacted caption in the hyperlink on Court's website, which leads to the original Decision, and in the Court's CM/ECF system. Id. Because petitioner is now a competent adult, the undersigned redacted the caption to display his initials and his alone. Id.

On June 26, 2019, petitioner filed a motion in response to the undersigned's June 17, 2019 Order. See Mot. for Reconsideration, filed June 26, 2019 (ECF No. 40). Petitioner requested that the June 17, 2019 Order not be publicly posted online, since his mother's name was mentioned in the text. Id. at 1. In the alternative, he requested that his mother's name be redacted to display only her initials. Id. He explained that he wanted to "protect [his] stepfather's last name from internet searches as he was not involved in the original petition." Id. He also expressed concern that "those who know who my mother is could figure out that this case is about me still subjecting me to public embarrassment, interfering with my social life, and disclosure of my Private Health Information." Id. Respondent did not submit a response.

On August 5, 2019, the undersigned granted the alternative relief sought, redacting the June 17, 2019 Order to include only the initials of petitioner's mother. Order dated Aug. 5, 2019, at 2-3 (ECF No. 41). The undersigned concluded that redaction of petitioner's mother's name was appropriate because "[p]etitioner and his mother share the same last name, increasing the likelihood that a member of the public could make a connection between the two." Id.

In November 2019, the undersigned's law clerk received numerous calls from petitioner and his mother regarding the Court's August 5, 2019 Order. See Informal Communication

Remark dated Nov. 20, 2019; Informal Communication Remark dated Nov. 27, 2019. All calls and voicemails were referred to the Clerk's office, as this case is closed.

On January 13, 2020, petitioner filed a "Complaint," stating that the August 5, 2019 Order is being violated. Complaint, filed Jan. 13, 2020, at 2 (ECF No. 44). Specifically, petitioner wrote that "[t]he PDF file has not reflected JAC in the filename but rather the full last name of the [petitioner]." Id. Petitioner further "[r]equest[s] to have [the] link disabled or [his] last name removed and changed to reflect JAC in the filename." Id. In support, petitioner attached a screenshot of a yahoo search of his full name to illustrate this issue. Id. at 4. The screenshot shows that the website URL, which leads to the original 2012 Decision, contains his full last name instead of his initials, J.A.C. Id. Petitioner requests to have the link disabled or the last name removed and changed to reflect J.A.C. in the filename. Id.

Respondent did not file a response to petitioner's "Complaint." This matter is now ripe for adjudication.

## II.  LEGAL STANDARDS

The disclosure of information submitted during a vaccine proceeding is governed by § 12(d)(4) of the Vaccine Act, which is incorporated into Vaccine Rule 18. Under § 12(d)(4)(A), information submitted in a vaccine proceeding may not be disclosed without the written consent of the party who submitted the information. Thus, Congress protected any information submitted by a party from public view by effectively sealing pre-decisional Vaccine Act proceedings. In 1989, however, Congress added § 12(d)(4)(B), which requires the disclosure of vaccine decisions while allowing the parties to seek redaction of "trade secret or commercial or financial information which is privileged and confidential," or "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Under the Vaccine Rules, the parties are given fourteen days "to object to the public disclosure of any information furnished by that party." Vaccine Rule 18(b).

Thirteen years after the addition of § 12(d)(4)(B), Congress enacted the E-Government Act of 2005 in an effort to improve public access to government information and services. The Act, which applies to all federal courts, requires them to establish and maintain websites where the public can view information including "all written opinions issued by the court," both published and unpublished. Congress also instructed the Supreme Court to "prescribe rules" to address potential privacy and security concerns associated with this increased public access. E-Government Act § 205(c)(3). In response, the federal courts adopted Federal Rule of Civil Procedure ("FRCP") 5.2, which the U.S. Court of Federal Claims subsequently incorporated in relevant part into its Rules of the United States Court of Federal Claims ("RCFC"). RCFC 5.2 allows a party to use an abbreviated version of certain personal information when filing documents with the court. Under this rule, a party may redact a minor's name to initials in any filed document. RCFC 5.2(a)(3). In keeping with the desire to protect the identity of minor and because all vaccine rulings and decisions must be made available to the public, Vaccine Rule 16 was also amended in 2011 to allow the use of the minor's initials in petitions filed in vaccine proceedings. See Vaccine Rule 16(b).

3

When evaluating redaction requests, special masters generally follow one or two approaches, articulated in W.C. and Langland. See W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 400 (2011); Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), aff'd in relevant part, 109 Fed. Cl. 421, 424 n.1 (2013). Applying Langland, special masters have held that a petitioner seeking redaction of a ruling or decision must establish a "compelling reason tailored to meet the individual interest it serves"—in other words, more than a general preference for privacy. Andrews v. Sec'y of Health & Human Servs., No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (citing Langland, 2011 WL 802695, at *7-8). Based on the language of the Vaccine Act itself, "a petitioner requesting redaction of a decision must make an affirmative, factual showing that redaction is proper" to prevail. Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

W.C., in contrast, asserts that a petitioner's privacy interests should be balanced against "the public purpose of the Vaccine Act" in the same manner as such interests are balanced under FOIA (given the similarities of its privacy provisions). 100 Fed. Cl. at 460-61. From this perspective, "unwarranted" or "significant" invasions of privacy occasioned by disclosure of sensitive information weigh in favor of redaction. Id. W.C.'s redaction standard is thus somewhat more lenient, as it asserts that the "right to access public records in civil cases" need not be as carefully guarded in Vaccine Program cases, which are statutorily intended to be less adversarial in nature. Id. at 460. As W.C. reasons, because Vaccine Program decisions are intended to disseminate information about possibly adverse vaccine reactions, disclosure of a petitioner's name or information about her illness is not always necessary to effectuate that purpose. Id.

### III. DISCUSSION

As the undersigned noted in her June 17, 2019 Order, J.M.C.'s redaction request of the January 9, 2012 Decision was very untimely. Order dated June 17, 2019, at 4 (ECF No. 39). Because the Decision dismissing this case was issued over seven years prior to the motion for redaction, "redaction [was] no longer a viable form of relief." Id. Over those seven years, an unknown number of legal research and other websites picked up the PDF decision from the Court's website and posted it on their respective websites. Thus, even if the original Decision posted on the Court's website was redacted, the original unredacted Decision would remain available on these other websites. Id. As other special masters have noted, "once a decision has been posted on the court's website . . ., the information is in the public domain and no longer within the control of the court." Steinweg v. Sec'y of Health & Human Servs., No. 03-1150V, 2011 WL 7461893, at *2 n.5 (Fed. Cl. Spec. Mstr. Apr. 4, 2011).

As the motion for redaction was untimely made in this case and redaction no longer practically feasible since the Decision was in the public domain, the undersigned granted the alternative relief of amending the caption of the case in the Court's CM/ECF system to contain only J.A.C.'s initials. Order dated June 17, 2019, at 4 (ECF No. 39). This approach has been taken in a similar situation by another special master. See N.W. v. Sec'y of Health & Human Servs., No. 07-93V, 2018 WL 5851061, at *4 (Fed. Cl. Spec. Mstr. July 13, 2018).

4

This alternative remedy resulted in only the new redacted caption appearing in the hyperlink on the Court's website,[3] but it does not affect the actual PDF file of the Decision because, as stated above, redaction of such decision was not practically feasible given it was already in the public domain and the request was untimely made.  Id.  When conducting a search on the Court's website, anyone with access to the internet may view the following when entering the case number into the search bar entitled "Keywords:"[4]



As shown above, both captions, which are hyperlinks to the August 5, 2019 Order and the original January 9, 2012 Decision, are redacted to "C." rather than petitioner's full last name.  The undersigned hoped this alternative relief might make it more difficult to find the Decision on the internet; however, neither the undersigned nor her Order can prevent the 2012 Decision from being found on the internet through a search of J.A.C.'s name.  Such relief is not possible given the amount of years the Decision has been in the public domain.

---

[3] To clarify, the hyperlink on the Court's website that leads to the PDF of the Decision is different than the website URL that a search engine, such as yahoo, shows after a search is conducted.  The latter is what petitioner attached to his Complaint.

[4] This screenshot was taken on April 29, 2020 following a search, as described above, of the Court's website at http://www.cofc.uscourts.gov/aggregator/sources/7.  The red rectangles were added to aid the reader and do not actually appear on the Court's website.

In his "Complaint," petitioner points specifically to search engine results for his full name which contain links to the January 9, 2012 Decision from the United States Court of Federal Claims' website. The petitioner's full last name is included in at least one website URL. Unfortunately, as the undersigned explained, once a PDF of a decision is published on the Court's website, "the information is in the public domain and no longer within the control of the court." Steinweg, 2011 WL 7461893, at *2 n.5.

The undersigned extends her sympathies to the petitioner; however, she cannot offer petitioner the relief he requests. Even if the undersigned were to change the PDF file name of the January 9, 2012 Decision on the United States Court of Federal Claims' website or alter the associated website URL, doing so will not achieve the results petitioner ultimately desires—to have his name removed from the January 9, 2012 Decision on the Court's website and throughout the internet in association with that Decision. Given the number of years the January 9, 2012 Decision has been available on the Court's website, it is impossible to remove it from the internet as a whole, or from search engine results. Further, the undersigned and the Court are obligated pursuant to the Vaccine Act and the E-Government Act to make publicly available decisions and other reasoned orders, and therefore the undersigned cannot remove the January 9, 2012 Decision from the Court's website by disabling its link. Unfortunately, the undersigned cannot grant the relief petitioner requests or that a timely redaction motion would have provided.

### IV. CONCLUSION

The undersigned extends her sympathies to the petitioner. However, the relief petitioner desires is not feasible due to his untimely request, and thus, there is nothing more she can do. For the reasons set forth above, the undersigned determines that petitioner is not entitled to any further relief.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
