# In the United States Court of Federal Claims

No. 03-2807
(Filed Under Seal: April 2, 2025)
(Reissued: April 29, 2025)[1]

```
***************************************
J.A.C.,                                 *
                                        *
              Petitioner,               *
                                        *
       v.                               *
                                        *
SECRETARY OF HEALTH AND HUMAN           *
SERVICES,                               *
                                        *
              Respondent.               *
***************************************
```

*J.A.C.*, Venice, FL, proceeding *pro se*.

*Eleanor A. Hanson*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

Petitioner J.A.C. seeks review of Chief Special Master ("CSM") Brian Corcoran's decision denying his motion to seal documents related to his petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 *et seq.* ("Vaccine Act"). Because J.A.C. has not demonstrated that CSM Corcoran's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the Court **DENIES** his motion and **SUSTAINS** the CSM's decision.

## I. BACKGROUND

On December 11, 2003, J.A.C.'s mother filed an action on his behalf under the Vaccine Act. Pet. [ECF 1]. On January 11, 2012, the Clerk of Court entered judgment in the case pursuant to then-CSM Patricia E. Campbell-Smith's January 9, 2012, decision dismissing the case for

---

[1] Pursuant to Vaccine Rule 18(b) of the Rules of the United States Court of Federal Claims, the Court issued this Opinion and Order under seal on April 2, 2025, and provided the parties fourteen days to propose redactions. *See* [ECF 64]. On April 10, 2025, J.A.C. moved to seal the entire decision. [ECF 65]. The government responded on April 18, 2025, arguing that the motion should be denied "[f]or the reasons set forth in the Opinion, and the disclosure and publication requirements contained in 42 U.S.C. § 300aa-12(d)(4) and the E-Government Act." [ECF 66] at 1. The Court agreed and denied J.A.C.'s motion to seal the entire decision. [ECF 68]. Accordingly, the Court reissues this Opinion and Order without redactions.

insufficient proof. Decision [ECF 29]; J. [ECF 31]. In her decision, CSM Campbell-Smith included the following language in a footnote:

> Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, . . . . In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in [the Vaccine Act]. Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[ECF 29] at 1 n.1.[2] Neither party filed a motion to redact medical or other information from the decision, so the decision was posted to the Court's website.

On April 26, 2019, J.A.C.'s mother moved to "remove this pdf file [associated with the Court's January 9, 2012, decision] and link from the internet." Apr. 26, 2019, Letter [ECF 35] at 2. On June 17, 2019, then-CSM Nora Beth Dorsey granted in part and denied in part the motion. Order [ECF 39]. CSM Dorsey considered whether J.A.C.'s mother demonstrated sufficient grounds for a redaction.[3] She noted that if J.A.C.'s mother had filed the petition today, "J.A.C.'s name would have been redacted as a matter of course," *id.* at 4, under Vaccine Rule 16(b), which was "amended in 2011 to allow the use of the minor's initials in petitions filed in vaccine proceedings," *id.* at 3. She further noted that J.A.C.'s mother had "offered a compelling reason for redaction . . . not simply a general preference for privacy, but the fully-realized fear that the exposure of her son's medical information would disrupt his socialization and emotional health as he grew older." [4] *Id.* at 4. Nevertheless, CSM Dorsey remarked that it had been seven years since CSM Campbell-Smith issued her decision and that the requested "redaction [was] no longer a viable form of relief." *Id.* She explained:

---

[2] All page numbers in the petition for compensation and the parties' briefings refer to the page numbers generated by the CM/ECF system.

[3] CSM Dorsey considered the appropriateness of a redaction under two different standards. In *W.C. v. Secretary of Health and Human Services*, 100 Fed. Cl. 440 (2011), the court construed the Vaccine Act's privacy provisions in concert with those in the Freedom of Information Act and concluded that it was appropriate to balance a petitioner's right of privacy "against the public purpose of the Vaccine Act," *id.* at 460, which is to "increase public awareness of vaccines and the medical conditions they may cause," *id.* at 461. In *Langland v. Secretary of Health and Human Services*, No. 7-36V, 2011 WL 802695 (Fed. Cl. Feb. 3, 2011), the court concluded that because the common law informs the Vaccine Act and because under the common law, "public access to decisions is presumed, and the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure, . . . [the Vaccine Act] militates against routine redaction of all sensitive medical information from special masters' decisions," *id.* at *8.

[4] Although not specified in her order, it appears that CSM Dorsey applied the *Langland* standard to J.A.C.'s mother's request for a redaction. [ECF 39] at 3 ("Applying *Langland*, special masters have held that a petition seeking redaction of a ruling or decision must establish a compelling reason, tailored to meet the individual interest it serves—in other words, more than a general preference for privacy." (internal quotation marks omitted)).

> Even if the Decision found on the Court's website were replaced with a version using only initials for [J.A.C.'s mother] and [J.A.C.], the original version is already available on the internet and can be found on other legal research sites. *Thus, the undersigned is not empowered to grant the relief that a timely motion would have provided.*

*Id.* (emphasis added). Despite recognizing the apparent futility of J.A.C.'s request, CSM Dorsey ordered that his name be redacted "in the case caption and the caption on CM/ECF online." *Id.* In her view, although the remedy would not "guarantee that the decision [would] not be seen or accessed by anyone, [it might] reduce the possiblity that an internet search would lead directly to the unredacted Decision." *Id.*

Thereafter, on June 26, 2019, J.A.C.—now an adult proceeding *pro se*—requested that CSM Dorsey not publish her June 17, 2019, order on the internet. Mot. for Consideration [ECF 40] at 1. Alternatively, he requested that—in the order—she only refer to his mother by her initials since he believed it possible for someone to determine his identity based on his mother's name. *Id.* He also explained that he had taken his stepfather's name and wanted to protect him and his family from any public embarrassment that might result from an internet search of his name. *Id.* On August 5, 2019, CSM Dorsey granted J.A.C.'s motion in part, finding that because "[he] and his mother share the same last name, . . . [t]he facts and circumstances of th[e] case warrant redaction of the name of [his] mother . . . to include only the initials" in the public version of the order. Order [ECF 41] at 3. CSM Dorsey issued the public, redacted version of her August 5, 2019, order on September 9, 2019. Order [ECF 42].

On January 13, 2020, J.A.C. filed a new complaint in the case. Compl. [ECF 44]. Therein, J.A.C. complained that, despite CSM Dorsey's August 2019 order, "[t]he PDF file [did] not reflect[] JAC in the filename but rather [his] full last name . . . ." *Id.* at 2. He requested that the "link [be] disabled or [that his] last name [be] removed and changed to reflect JAC in the filename." *Id.* (alterations added). Attached to his complaint, J.A.C. included a screenshot of a Yahoo search of his full name. *Id.* at 4. The search results appear to show links to two decisions in his case that were posted on the Court's website. *Id.* On April 30, 2020, Special Master Dorsey denied the complaint,[5] explaining that because a PDF of the January 9, 2012, decision was previously posted to the court's website, it was in the public domain and therefore no longer within the court's control. Order [ECF 46] at 6 (stating that, even if the decision's PDF file name or the associated website URL were altered, J.A.C.'s name would not be removed from the January 9, 2012, decision on court's website or the internet). She added: "Further, the undersigned and the Court are obligated pursuant to the Vaccine Act and the E-Government Act to make publicly available decisions and other reasoned orders, and therefore the undersigned cannot remove the January 9, 2012 Decision from the Court's website by disabling its link." *Id.* Special Master Dorsey issued the public, redacted version of her April 30, 2020, decision on June 3, 2020. Order [ECF 47].

---

[5] Special Master Dorsey was no longer the Chief Special Master at this time.

3

On August 19, 2024, J.A.C. moved to seal all the records in his case in order to protect not only his privacy but also his "future professional prospects." Am. Pet. [ECF 50] at 1.[6] On December 4, 2024, CSM Corcoran denied the motion. Order [ECF 55].[7] J.A.C. now moves this Court to reconsider CSM Corcoran's denial of his motion to seal his records and to review the process whereby cases are reassigned from one judge to another. Appeal [ECF 56]. The government responded, Resp. [ECF 60], and J.A.C. replied, Reply [ECF 62].[8] The Court determined that oral argument was not necessary in this case.

## II.     STANDARD OF REVIEW

The Court has jurisdiction under the Vaccine Act to review a special master's decision. 42 U.S.C. § 300aa-12(e)(2). In conducting its review, the Court may:

> (A)   uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> (B)   set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
>
> (C)   remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2)(A)-(C).

The Court reviews a special master's findings of fact under the "arbitrary and capricious" standard, legal questions under the "not in accordance with law" standard, and discretionary rulings under the "abuse of discretion" standard. *Turner v. Sec'y of Health & Hum. Servs.*, 268 F.3d 1334, 1337 (Fed. Cir. 2001) (citing 42 U.S.C. § 300aa–12(e)(2)(B); *Munn v. Sec'y of Health & Hum. Servs.*, 970 F.2d 863, 870, 870 n.10 (Fed. Cir. 1992)). With respect to the arbitrary and capricious standard, "no uniform definition . . . has emerged," but it is "a highly deferential standard of review" such that "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y of Health & Hum.*

---

[6] J.A.C. previous filed two slightly different versions of this motion. Pet. to Seal [ECF 48]; Am. Pet. to Seal [ECF 49].

[7] The case was reassigned to CSM Corcoran on November 14, 2024, under Vaccine Rule 3(d). Order [ECF 52]. The rule provides that the Chief Special Master may reassign cases "[w]hen necessary for the efficient administration of justice . . . ." RCFC, App. B, Vaccine Rule 3(d). Although J.A.C. suggests that "[t]he abrupt reassignment of [his] case after [his] complaint about Special Master Dorsey raises questions about fairness and judicial neutrality," Appeal [ECF 56] at 4, there is no evidence that CSM Corcoran reassigned the case to himself for any reason other than that stated in the rule.

[8] Although the Vaccine Rules do not contemplate the filing of a reply by the petitioner, the Court *sua sponte* grants J.A.C. permission to do so.

*Servs.*, 940 F.2d 1518, 1527-28 (Fed. Cir. 1991); *accord Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (stating that a decision is arbitrary and capricious if it is "so implausible that it could not be ascribed to a difference in view"). The "not in accordance with law" standard, on the other hand, is applied without deference to legal determinations. *Deribeaux v. Sec'y of Health & Hum. Servs.*, 717 F.3d 1363, 1366 (Fed. Cir. 2013); *see Munn*, 970 F.2d at 870 (stating that "[i]ssues of law—constitutional imperatives, statutory construction, procedural requirements—come to [the court] for decision with little if any deference owed to or expected by the forums below"). Lastly, the abuse of discretion standard applies to the special master's evidentiary rulings, such as determinations regarding the qualification of experts and the admissibility of their testimony. *Piscopo v. Sec'y of Health & Hum. Servs.*, 66 Fed. Cl. 49, 53 (2005) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). "The [abuse of discretion standard] will rarely come into play except where the special master excludes evidence." *Munn*, 970 F.2d at 870 n.10; *accord Caves v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 119, 131 (2011), *aff'd*, 463 F. App'x 932 (Fed. Cir. 2012).

### III.   ANALYSIS

In his motion for review, J.A.C. requests the Court "[o]rder the sealing of all [the] records in this case that contain sensitive information, including but not limited to medical records, affidavits, court opinions, and any other documents that identify or could identify petitioner." [ECF 50] at 4 (emphasis omitted). He further requests that the Court "[d]irect that the sealed records be made inaccessible to the public, including through online search engines and other electronic means." *Id.* (emphasis omitted). J.A.C. asserts that "[t]he basis of [his] request is to protect [his] privacy and future professional prospects [because he] is now an adult and faces significant harm to his reputation and career if these records remain publicly accessible." *Id.* at 1. In response, the government asserts that "[t]he Chief Special Master did not abuse his discretion or err as a matter of law when he denied petitioner's [m]otion [to seal]," [ECF 60] at 8, and that "no procedural or legal error has occurred in this case that would justify reversal or a remand, *id.* at 10. The government explains that "[J.A.C.]'s medical records and affidavits are already effectively sealed pursuant to [Vaccine Act] section 12(d)(4)(B) and Vaccine Rule 27." *Id.* at 8-9. Additionally, with respect to the 2012 decision, the government states that "[t]he prior Special Master did what she could to alleviate petitioner's concerns by amending the caption to only display his initials and thus make the decision more difficult to locate, but she acknowledged the reality of the situation: she did not have the power to remove the Decision from the vast internet." *Id.* at 10.

The Court finds that J.A.C. has not demonstrated that the CSM Corcoran's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Vaccine Act provides:

> (A)   Except as provided in subparagraph (B), information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information.

5

>   (B)   A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information—
>
>   > (i)   which is trade secret or commercial or financial information which is privileged and confidential, or
>   >
>   > (ii)  which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
>
>   and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(A)-(B). Consistent with these requirements, this Court's Vaccine Rules provide that "[e]xcept as provided in Vaccine Rule 18, *all filings* submitted in a Vaccine Act case are restricted pursuant to the requirement of 42 U.S.C. § 300aa-12(d)(4)(A) and therefore are accessible only to court personnel and the parties to the case." RCFC, Suppl. to App. B ¶ 27 (emphasis added). Vaccine Rule 18(b) states, in relevant part, that all vaccine *decisions* will be held for 14 days so that the parties may file their objections to the public disclosure of information "that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." RCFC, App. B, Vaccine Rule 18(b)(2). The E-Government Act of 2002 requires, among other things, that the Court of Federal Claims "establish[] and maintain[] . . . a website that contains . . . [a]ccess to the substance of all written opinions issued by the court." E-Government Act of 2002, Pub. L. No. 107-347, § 205(a), 116 Stat. 2899, 2913 (2002). Thus, in a Vaccine Act case, while the parties' *filings* are not made publicly available, the Court's *decisions* are made publicly available. Further, these decisions may only be made publicly available in redacted form—redacting certain types of information—if the Court receives a timely request from one of the parties.

>   Under this framework, CSM Corcoran rationally denied J.A.C.'s motion to seal the records in this case. First, with respect to the 2012 dismissal decision and subsequent decisions in this case, CSC Corcoran correctly concluded that "due to the publication requirements set forth in the E-Government Act and the untimely request, sealing records is no longer an option." [ECF 55] at 6. Both the Vaccine Act and the E-Government Act require that the Court provide public access to its written opinions. 42 U.S.C. § 300aa-12(d)(4)(A)-(B) (stating that"[a] decision of a special master or the court in a proceeding shall be disclosed"); E-Government Act § 205(a) (requiring a website that provides "[a]ccess to the substance of all written opinions"). Therefore, entirely sealing the 2012 dismissal decision, or any of the subsequent decisions, is not permissible.[9] Furthermore, even if the Court were to treat J.A.C.'s motion as one seeking

---

[9] There are multiple decisions in this case: the dismissal decision issued on January 9, 2012 [ECF 29, 43]; the Order issued on June 17, 2019 granting in-part J.A.C.'s motion to redact the dismissal decision [ECF 39]; the Order issued on August 5, 2019, granting in-part J.A.C.'s motion to redact the June 17, 2019, Order [ECF 41]; and the Order issued on April 30, 2020, denying J.A.C.'s motion to enforce the August 5, 2019, Order [ECF 46]. However, the

6

redaction of certain information from the decisions to protect J.A.C.'s privacy, such relief would be unavailable. To avoid an unwarranted invasion of privacy, the Vaccine Act permits a special master to exclude certain information from disclosure as part of a decision, but it requires that the petitioner first object to the inclusion of such information in the decision. *See* 42 U.S.C. § 300aa-12(d)(4)(B). In this regard, Vaccine Rule 18(c) requires that "[a] party objecting to the public disclosure of information contained in a decision . . . file a motion to redact within 14 days after service of the decision," and states that a motion to redact "will be denied" if it is untimely filed. RCFC, App. B, Vaccine Rule 18(c). Here, with respect to the 2012 dismissal decision, J.A.C. did not make a timely objection; and, as a result, the Court made an unredacted version of the decision publicly available through its website pursuant to the E-Government Act. Because the decision was made publicly available on the internet, it is no longer within the control of the Court. *See Steinweg v. Sec'y of Health & Hum. Servs.*, No. 3-1150V, 2011 WL 7461893, at *2 n.5 (Fed. Cl. Apr. 4, 2011) (explaining "that once a decision has been posted on the court's website and published electronically in a reporter, the information is in the public domain and no longer within the control of the court"); *Kanefield v. Sec'y of Health & Hum. Servs.*, No. 8-122V, 2016 WL 4729531, at *5 (Fed. Cl. Aug. 18, 2016) (stating that "[o]nce a decision has been made public, it is in the public domain and it is too late to effect redaction"). Consequently, redaction of specific information from the decision to avoid a privacy invasion is no longer feasible.[10]

Next, regarding the other case records, CSM Corcoran correctly explained that, under section 12(d)(4)(A) of the Vaccine Act, "[r]ecords submitted in a Vaccine Act case are already *effectively* filed under seal, even if not literally so . . . [because] all filings submitted by the parties in a Vaccine Act case . . . are accessible only to court personnel and the parties to the case." [ECF 55] at 6 (internal quotation marks and citation omitted) (citing 42 U.S.C. § 300aa-12(d)(4)(A); RCFC, Suppl. to App. B ¶ 27). Specifically, the Vaccine Act prohibits disclosure of "information submitted to a special master or the court in a proceeding on a petition . . . to a person who is not a party to the proceeding without the express written consent of the person who submitted the information." 42 U.S.C. § 300aa-12(d)(4)(A). Thus, as CSM Corcoran correctly noted, the case records "are *not* available to the public, and are *not* subject to release under other federal statutes." [ECF 55] at 6 (emphasis in original). Because these records are already protected from the public view, there is no need to seal them.

Lastly, the Court notes that J.A.C. filed a motion for leave to supplement his motion for review on March 28, 2025. Mot. [ECF 63]. The Court grants the motion. However, while the supplementary information provided by J.A.C. further demonstrates the harm that he has

---

only decision that references petitioner by name is the 2012 dismissal decision. The other decisions reference petitioner by the initials, J.A.C.

[10] To the extent that the special masters were able to accommodate J.A.C.'s various requests since the publication of the initial decison, they have done so. Thus, when his mother requested—in 2019—that the PDF file associated with the publicly-available decision and the link to the document be removed from the internet, CSM Dorsey obliged to the extent she could by ordering that J.A.C.'s name be redacted in the case caption and the caption that appears on CM/ECF online in order to reduce the potential that an internet search would lead directly to the unredacted version of the decision. [ECF 39] at 4. Next, when J.A.C. requested—again in 2019—that CSM Dorsey not publish her June 2019 decision on the internet or that his mother be referred to only by her initials, she once again obliged to the extent she could by redacting his mother's name from the decision. [ECF 41] at 3.

experienced as a result of his Vaccine Act case and the public disclosure of his identity in the 2012 dismissal decision, this information does not affect the Court's conclusion.[11]

## IV.   CONCLUSION

In sum, J.A.C. has not demonstrated that CSM Corcoran's decision denying his motion to seal the records in his case was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, his motion for review [ECF 56] is **DENIED**, and the CSM Corcoran's decision of December 4, 2024, is **SUSTAINED**. Additionally, J.A.C.'s motion for leave to supplement his motion for review [ECF 63] is **GRANTED**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>
THOMPSON M. DIETZ, Judge

---

[11] In his reply, J.A.C. requests that the Court consider his "November 2024 letter to Chief Judge Kaplan" and that this letter "be formally entered into the record to ensure the appellate judge has full awareness of these critical issues." [ECF 62] at 1. This letter seeks to "formally lodge a complaint regarding the handling of [J.A.C.'s] Vaccine Court case initially presided over by Special Master Dorsey." *Id.* at 2. Therefore, it has been properly referred by Chief Judge Kaplan as a judicial misconduct complaint, which is handled as a separate matter from the pending motion for review.